WALLS v. KANSAS CITY, M. & O. RY. CO. OF TEXAS. (No. 697.)

(Court of Civil Appeals of Texas. El Paso. May 17, 1917.)

1. CARRIERS ⟾278(2) — SALE OF TICKET — SUBMISSION OF ISSUES—CONTRIBUTORY NEGLIGENCE.

In action against railway company for agent's mistake in selling ticket whereby passenger was carried to a station other than her destination, submission of defendant's theory of contributory negligence *held* proper in view of pleading and evidence, where court also submitted plaintiff's theory.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. § 1081.]

2. CARRIERS ⟾271—DUTY TO CARRY PASSENGER TO PROPER STATION.

If railway company did not know passenger's destination except as stated in ticket, the company owed her no duty other than to safely carry her to place called for by ticket, and would not be liable for damages resulting from her nervous condition caused by being carried to station other than her destination.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 1067–1071.]

Appeal from Nolan County Court; Jno. H. Cochran, Jr., Judge.

Action by Mrs. L. E. Walls against the Kansas City, Mexico & Orient Railway Company of Texas. Judgment for defendant, and plaintiff appeals. Affirmed.

Grisham & Grisham, of Sweetwater, and J. E. Garland, of Lamesa, for appellant. Beall & Douthit, of Sweetwater, and H. S. Garrett, of San Angelo, for appellee.

WALTHALL, J. The appellant, Mrs. L. E. Walls, brought this suit against the appellee, Kansas City, Mexico & Orient Railway Company of Texas, for alleged damages based upon an allegation that the receivers of the appellee, railway company, at San Angelo, Tex., delivered to her a ticket for Odell, Tex., when she requested one for O'Donnell, Tex.,

and that by reason thereof she was carried to Odell instead of to O'Donnell. She alleges that she is old, unused to travel, and that, upon learning that she was far from her intended destination, she became greatly excited, which resulted in a collapse from nervous prostration, and that as a result she was ill for many days and suffered physical and mental anguish. Appellee answered by general and special demurrers, denied that appellant applied for a ticket to O'Donnell, and alleged that the ticket sold her and which she used on the occasion was one purchased for her by a Mrs. Nettleton in the town of San Angelo, who called for a ticket to Odell. Appellee pleaded contributory negligence on the part of appellant in buying the ticket to Odell instead of to O'Donnell, and that, if it should be held that appellant was not responsible for the wrongs complained of, then appellee alleged that same was the result of an accident for which appellee was not responsible. The case was submitted to the jury on the general issue, and the jury returned a verdict for appellee.

[1] Appellant presents two assignments of error. The first assigns error "in submitting the theory of contributory negligence," and insists in her proposition thereunder that:

"Where the facts under the law will not support a theory of contributory negligence, it is error to submit such theory of defense in the charge of the court."

We think there was no error in submitting the issue of contributory negligence. Appellee tendered the issue in its pleading. We think we need not state the evidence. It was offered on two theories, both having ample support in the proof. Appellant's theory was that she, in person, called for a ticket to O'Donnell, a station not on appellee's line of road; that to go to O'Donnell it was necessary that, in taking the cars at San Angelo, on appellee's railroad, she leave appellee's train at Sweetwater, and go the rest of the distance on another road; that, to be certain there would be no mistake in the place to which she wished to purchase her ticket, she exhibited to the appellee's ticket agent at San Angelo, when she purchased her ticket, a letter directing that she purchase a through ticket from San Angelo to O'Donnell; and that she specially called the attention of the ticket agent to the place O'Donnell, and called for a ticket to that place, and did not call for a ticket to Odell; that she was old, was traveling alone, and did not know the location of the place to which she wished to go. Appellee's theory, and upon which it offered its evidence, was that appellant did not buy the ticket in person, but that Mrs. Nettleton bought the ticket from appellant's agent and called for a ticket to Odell, a place beyond Sweetwater from San Angelo, and on appellee's line of road, and that neither the agent nor appellant's train conductor knew more of appellant's destination than

was indicated by her ticket. The jury, after hearing all of the evidence, found in favor of appellee. The court submitted the case upon both theories, and, in doing so, we think there was no error.

[2] Appellant's second assignment complains that the court was in error in giving a special charge requested by appellee "on the theory of accident," and makes the proposition that an injury occurring from an accident is not a defense unless the accident was unavoidable. The contention made under this assignment is that "'accident' is not pleaded as a defense in a way to make it available for any purpose, for it is not pleaded that the injury was the result of inevitable accident," and that the proof does not support the defense of inevitable accident. We think we need not discuss the question as to whether accident should have been submitted at all. Appellee pleaded accident as a defense, and the appellant did not except to the issue as a defense, nor to the sufficiency of the pleading as submitting the issue of accident. If Mrs. Nettleton bought the ticket for appellant to Odell and there was nothing in the pleading or proof to show that appellee's ticket agent or its conductor knew her destination more than what was indicated by the ticket, we fail to see wherein appellee would owe appellant any duty other than to safely carry her to the place called for in her ticket, or how the appellee could be liable for damages resulting to appellant from a nervous condition in being carried to the place called for in her ticket. The assignment is overruled.

Finding no error, the case is affirmed.